IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVESTER SMITH, | :  CIVIL ACTION |
| | :  NO. 12-1179 |
| Petitioner, | : |
| | : |
| v. | : |
| | : |
| TABB BICKELL, et al., | : |
| | : |
| Respondents. | : |

**O R D E R**

**AND NOW**, this **22nd** day of **June, 2012**, upon consideration of the Report and Recommendation of U.S. Magistrate Judge Hart and Petitioner's objections thereto, it is hereby **ORDERED** as follows:

(1) The Report and Recommendation (ECF No. 8) is **APPROVED** and **ADOPTED**;[1]

(2) Petitioner's Objections to the Report and Recommendation (ECF No. 10) are **OVERRULED**;[2]

---

[1]   Magistrate Judge Hart recommended that the Habeas Petition be dismissed as untimely but did not discuss the timeliness of the Habeas Petition and, in fact, considered the merits of each ground raised in the Habeas Petition. Therefore, the Court approves and adopts the Report and Recommendation based on Magistrate Judge Hart's determination of the merits.

[2]   On August 2, 2006, Petitioner received a life sentence after a jury convicted him of first-degree murder, criminal conspiracy, and possession of an instrument of crime. On March 1, 2012, after unsuccessful direct and collateral appeals in the Pennsylvania state courts, Petitioner filed the instant Habeas

Petition challenging his custody. The Court referred the matter to Magistrate Judge Hart, who returned a Report and Recommendation to deny the Habeas Petition on the merits. Petitioner timely objected. The Court now "makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (Supp. IV 2011).

First, Petitioner claims he was denied his right to due process when the prosecutor told the jury in her opening statement that the jury would learn rival drug dealers hired Smith to kill the victim. On Petitioner's direct appeal, the Pennsylvania Superior Court denied this claim because the prosecutor's argument did not make it impossible for the jury to reach a true verdict when the jury later heard testimony from a witness that someone paid Petitioner $8,000 to kill the victim. Judge Hart determined that the state court's decision was not contrary to, or an unreasonable application of, federal law because, in considering the entire trial, the court prevented the prosecutor from arguing in closing argument that the murder was a contract killing, defense counsel pointed out that the evidence did not support the prosecutor's opening argument, and the prosecutor believed her opening claim would be supported by the evidence that would be produced at trial.

Petitioner objects to Judge Hart's determination because there was no evidence that someone hired Petitioner to kill the victim and that Petitioner dealt drugs. Pet'r's Obj. 3. Petitioner ignores the testimony that someone paid him $8,000 to kill the victim and fails to consider the prosecutor's remarks in the context of the entire trial. Petitioner has not shown the prosecutor's remarks during opening argument deprived him of due process. Therefore, Petitioner's objection is overruled.

Second, Petitioner claims the trial court erred in denying a motion in limine to preclude a witness from testifying that Petitioner was connected to drug activity. The trial court denied the motion because the evidence was relevant to motive and provided context for the murder. The Pennsylvania Superior Court determined that the trial court did not abuse its discretion in making this evidentiary ruling. Judge Hart determined that the state court decision was not contrary to, or an unreasonable application of, federal law because the decision did not deprive Petitioner of a fundamentally fair trial because the testimony regarding Petitioner's connection to drug activity

was sparse, the trial court judge granted Petitioner's motion to preclude the prosecutor from arguing that the murder was a contract killing during closing argument, and the witness' testimony did not implicate Petitioner in drug activity.

Petitioner objects that "[n]o evidence nor testimony shows Petitioner Smith was involved in any illegal drug activities." Pet'r's Obj. 4. Petitioner's objection fails to show that the trial court decision resulted in a fundamentally unfair trial. Therefore, Petitioner's objection is overruled.

Third, Petitioner claims the evidence was insufficient to support any of his three convictions. Judge Hart determined that the Pennsylvania Superior Court's denial of this claim was not contrary to, or an unreasonable application of, federal law because credible evidence showed Petitioner shot the victim at close range and Petitioner's co-conspirator testified that the co-conspirator accompanied Petitioner to commit the murder, that he witnessed Petitioner use a firearm to murder the victim, and that he later helped dispose of the firearm Petitioner used.

Petitioner objects that there was no evidence of malice, that his co-conspirator acted on his own, that there is no testimony supporting his conviction of criminal conspiracy or possession of an instrument of crime. Pet'r's Obj. 4. Petitioner ignores the credible evidence to which Judge Hart referred the Report and Recommendation. Petitioner's bare allegations are insufficient to overcome the "very heavy burden" he shoulders in proving that he was convicted based on constitutionally insufficient evidence. United States v. Ozcelik, 527 F.3d 88, 93 (3d Cir. 2008) (internal quotation marks omitted). Therefore, Petitioner's objection is overruled.

Fourth, Petitioner claims he received ineffective assistance of counsel because his counsel failed to investigate potential alibi witnesses. Judge Hart determined that the Pennsylvania Superior Court's denial of Petitioner's ineffective assistance claim was not contrary to, or an unreasonable application of, federal law because, at trial, Petitioner waived his right to present a defense. That is, at trial, Petitioner's counsel indicated they subpoenaed potential defense witnesses but, after consulting with Petitioner, decided not to present a defense. The trial court judge conducted a colloquy with Petitioner to determine whether he agreed to the trial strategy

(3) The Application for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE;**

(4) A certificate of appealability shall not issue;[3] and

(5) The Clerk shall mark this case **CLOSED.**

**AND IT IS SO ORDERED.**

s/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

to voluntarily waive his right to testify and to put on a defense.

Petitioner objects that certain potential alibi witnesses were not subpoenaed nor put on the stand to testify in his defense. Pet'r's Obj. 2. Petitioner admits that his counsel advised that the potential alibi witnesses would ultimately hurt his defense because of their prior criminal conduct. See id. Nevertheless, Petitioner continues to argue that his trial counsel rendered ineffective assistance and ignores that he voluntarily waived his right to put on a defense upon advice of counsel at trial. Petitioner has not overcome the presumption that his counsel rendered ineffective assistance and that the decision to call alibi witnesses was part of their trial strategy. Moreover, Petitioner waived his right to testify and to present a defense. Therefore, Petitioner's objection is overruled.

[3] Upon entering a final order adverse to Petitioner, the Court must issue or deny a certificate of appealability ("COA"). See R. Governing § 2254 Cases 11(a). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). In this case, the Court will not issue a COA because Petitioner has not "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).